# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00396-CV

---

**In re Tony Ramirez**

---

### ORIGINAL PROCEEDING FROM HAYS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator, an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus asking this Court to direct the respondent judge "to dismiss criminal charges putatively pending against relator in Cause No. CR92-40, styled The State of Texas v. Tony Ramirez in which relator is charge[d] with the offense of attempted capital murder." In the 1992 proceeding, Ramirez was convicted of attempted capital murder and sentenced to sixty years' confinement, and he subsequently has filed multiple applications for writ of habeas corpus challenging his conviction that the Texas Court of Criminal Appeals has denied. *See Ex parte Ramirez*, No. WR-24,944-14, 2021 WL 4186443, at *1 (Tex. Crim. App. Sept. 15, 2021) (unpublished order) (dismissing application for writ of habeas corpus and stating that court had previously dismissed five subsequent applications in cause); *see also* Tex. Code Crim. Proc. art. 11.07.

In the petition to this Court, although styled as a writ of mandamus, the relief that Ramirez seeks amounts to relief that would only be available through an application for a writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code

Crim. Proc. art. 11.07; *In re Bradley*, No. 03-12-00483-CV, 2012 WL 3600860, at *1 (Tex. App.—Austin Aug. 15, 2012, orig. proceeding) (mem. op.) (explaining that relator's requested relief to have felony conviction set aside amounted to "relief that is available through a writ of habeas corpus under article 11.07"). The Texas Court of Criminal Appeals has exclusive jurisdiction to grant post-conviction habeas relief in felony cases. *In re Bradley*, 2012 WL 3600860, at *1; *see also In re Torres*, No. 12-25-00311-CR, 2025 WL 3237957, at *1 (Tex. App.—Tyler Nov. 19, 2025, orig. proceeding) (mem. op.) ("Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals."); *In re Tutson*, No. 07-17-00405-CV, 2017 WL 5185124, at *2 (Tex. App.—Amarillo Nov. 7, 2017, orig. proceeding) (explaining that "felony conviction is not subject to a collateral attack by means of a writ of mandamus").

Because the relief that Ramirez seeks in his petition would only be available through a writ of habeas corpus under article 11.07, we are without jurisdiction to consider the petition. *See In re Bradley*, 2012 WL 3600860, at *1 (concluding that court was without jurisdiction to consider petition seeking to have felony conviction set aside). Accordingly, we dismiss the petition for want of jurisdiction.[1]

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Filed: May 7, 2026

_____

[1] To the extent that Ramirez sought leave to file his petition for writ of mandamus, we deny this motion as moot.

2